**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- x

EASTMAN KODAK COMPANY,            :     Civil Action No. 10-cv-6334-CJS

          Plaintiff,         :

     -against-            :

KYOCERA CORPORATION,         :

          Defendant.       :

----------------------------------------------------------------- x

## KYOCERA CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

MORRISON & FOERSTER LLP

Charles L. Kerr
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000
Ckerr@mofo.com

Attorneys for Defendant
KYOCERA CORPORATION

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................. ii

I.     PRELIMINARY STATEMENT ............................................................. 1

II.    FACTUAL BACKGROUND ................................................................... 2

       A.   Kyocera Corporation ................................................................ 2

       B.   Negotiation of the Kodak-Kyocera Patent License Agreement ............................ 2

       C.   Royalties Paid Under the Agreement ............................................. 4

       D.   The Kodak-Kyocera Dispute ..................................................... 4

III.   STANDARD OF REVIEW FOR PERSONAL JURISDICTION ................................. 4

IV.    LEGAL ARGUMENT ........................................................................ 5

       A.   There Is No Jurisdiction Under C.P.L.R. § 302(a)(1) Because Kyocera Did
            Not "Transact Business" or "Contract to Supply Goods or Services" in
            New York ............................................................................. 6

            1.   A Patent License Agreement Is Not A Contract To Supply Goods
                 or Services In New York ................................................... 6

            2.   Kyocera Did Not Transact Business in New York Related to the
                 Agreement ................................................................... 7

                 a.   All Business Related to the Agreement Was Transacted in
                      Japan. ................................................................. 8

                 b.   Kodak's Reliance on Certain Provisions of the Agreement
                      is Misplaced Under a Totality of the Circumstances
                      Analysis ............................................................... 10

       B.   Sections 302(a)(2) and 302(a)(3) Do Not Apply Because Kodak Does Not
            Allege Tort Claims Against Kyocera ............................................. 13

       C.   Kodak's Allegations Do Not Comport With Due Process ......................... 14

V.     CONCLUSION ............................................................................. 15

# TABLE OF AUTHORITIES

**Page**

CASES

*Agency Rent A Car Sys. v. Grand Rent A Car Corp.*,
  98 F.3d 25 (2d Cir. 1996) ........................................................................8

*Arista Techs., Inc. v. Arthur D. Little Enters., Inc.*,
  125 F. Supp. 2d 641 (E.D.N.Y. 2000) ....................................................9

*Asahi Metal Indus. Co. v. Superior Ct. of Cal.*,
  480 U.S. 102 (1987)........................................................................... 14-15

*Beacon Enters., Inc. v. Menzies*,
  715 F.2d 757 (2d Cir. 1983)...................................................................14

*Benjamin Sheridan Corp. v. Benjamin Air Rifle Co.*,
  827 F. Supp. 171 (W.D.N.Y. 1993) ................................................. 11-12

*Best Van Lines, Inc. v. Walker*,
  490 F.3d 239 (2d Cir. 2007)............................................................. 6, 7-8

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1984)........................................................................... 5, 14

*Burndy Corp. v. Huskie Tools, Inc.*,
  No. 91 Civ. 6071 (JSM), 1992 U.S. Dist. LEXIS 3673 (S.D.N.Y Mar. 24, 1992).................10

*Citigroup Inc. v. City Holding Co.*,
  97 F. Supp. 2d 549 (S.D.N.Y. 2000)......................................................7

*Concrete Pipe & Prods. Corp. v. Modern Bldg. Materials*,
  213 A.D.2d 1023, 624 N.Y.S.2d 496 (4th Dep't 1995)........................12

*Cooperstein v. Pan-Oceanic Marine, Inc.*,
  124 A.D.2d 632, 507 N.Y.S.2d 893 (2d Dep't 1986) ...........................8

*Cutco Indus., Inc. v. Naughton*,
  806 F.2d 361 (2d Cir. 1986).....................................................4, 5, 6 n.3

*Delagi v. Volkswagenwerk AG of Wolfsburg*,
  328 N.Y.S.2d 653, 29 N.Y.2d 426 (1972) ........................................9 n.4

*DirecTV Latin Am., LLC v. Park 610, LLC*,
  691 F. Supp. 2d 405 (S.D.N.Y. 2010)...............................................11, 15

ii

*Fantis Foods, Inc. v. Standard Importing Co.*,
   49 N.Y.2d 317, 425 N.Y.S.2d 783 (1980) ...........................................................................13

*Ferrante Equip. Co. v. Lasker-Goldman Corp.*,
   26 N.Y.2d 280, 309 N.Y.S.2d 913 (1970) ...........................................................................12

*First Nat'l Bank & Trust Co. v. Wilson*,
   171 A.D.2d 616, 567 N.Y.S.2d 468 (1st Dep't 1991) ...........................................................10

*Hubbard, Westervelt & Mottelay, Inc. v. Harsh Bldg. Co.*,
   28 A.D.2d 295, 284 N.Y.S.2d 879 (1st Dep't 1967) ...........................................................12

*Jolivet v. Crocker*,
   859 F. Supp. 62 (E.D.N.Y. 1994) .......................................................................................11

*M. Katz & Son Billiard Prods., Inc. v. G. Correale & Sons, Inc.*,
   26 A.D.2d 52, 270 N.Y.S.2d 672 (1st Dep't 1966) ...............................................................9

*Mareno v. Rowe*,
   910 F.2d 1043 (2d Cir. 1990) ............................................................................................13

*McShan v. Omega Louis Brandt et Frere, S.A.*,
   536 F.2d 516 (2d Cir. 1976) ..............................................................................................10

*Metro. Antiques & Gems v. Beaumont*,
   No. 02 Civ. 3937 (DLC), 2002 U.S. Dist. LEXIS 24679 (S.D.N.Y. Dec. 27, 2002) ...............8

*Pieczenik v. Cambridge Antibody Tech. Group*,
   No. 03 Civ. 6336 (SAS), 2004 U.S. Dist. LEXIS 4127 (S.D.N.Y. Mar. 16, 2004)..................7

*Plaza Realty Investors v. Bailey*,
   484 F. Supp. 335 (S.D.N.Y 1979) ................................................................................11, 12

*Prof. Pers. Mgmt. Corp. v. Southwest Med. Assocs.*,
   216 A.D.2d 958, 628 N.Y.S.2d 919 (4th Dep't 1995) ...........................................................9

*Robinson v. Overseas Military Sales Corp.*,
   21 F.3d 502 (2d Cir. 1994)..................................................................................................5

*Savin v. Ranier*,
   898 F.2d 304 (2d Cir. 1990)......................................................................................4, 5, 11

*Swindell v. Florida E. Coast Ry.*,
   42 F. Supp. 2d 320 (S.D.N.Y. 1999)...................................................................................14

*Waldorf Associates, Inc. v. Neville*,
   141 Misc. 2d 150, 533 N.Y.S.2d 182 (Sup. Ct. N.Y. County 1988) .....................................11

iii

*Weiss v. Brant*,
   No. CV-93-0750, 1995 U.S. Dist. LEXIS 22233 (E.D.N.Y. 1995)........................................11

*Whitaker v. Am. Telecasting, Inc.*,
   261 F.3d 196 (2d Cir. 2001).........................................................................................13

*Wirth v. Prenyl*,
   29 A.D.2d 373, 288 N.Y.S.2d 377 (1st Dep't 1968) .............................................12

*Worldwide Futgol Assoc., Inc. v. Event Entm't, Inc.*,
   983 F. Supp. 173 (E.D.N.Y. 1997) ...........................................................................7, 9

## STATUTES

N.Y. C.P.L.R.
   § 301.......................................................................................................................2 n.1
   § 302........................................................................................................... passim

Fed. R. Civ. P. 12(b)(2)....................................................................................................4

## I.      PRELIMINARY STATEMENT

In 1999, Plaintiff Eastman Kodak Company ("Kodak") dispatched its Florida-based licensing agent to Japan to offer, negotiate and sell Defendant Kyocera Corporation ("Kyocera") a license to Kodak's digital imaging patents.  Kyocera, a Japanese company, entered into a patent license agreement (the "Agreement") with Kodak following years of negotiations that took place exclusively in Japan.  In 2002, Kyocera signed the Agreement in Japan, the same place it was negotiated.  Kyocera manufactures and sells products licensed under the Agreement in Japan; it does not manufacture or sell licensed products in New York or anywhere in the United States. Kyocera therefore does not transact business in New York relating to the rights and obligations under the contract or the patented technology at issue in the case.

Kodak invokes this Court's specific jurisdiction under C.P.L.R. § 302(a)(1), which confers long-arm jurisdiction over a nondomiciliary defendant that (1) "transacts business" in New York or contracts "to provide goods or services in New York" and (2) the claim against that defendant arises out of that business activity.  Alternatively, Kodak asserts that Kyocera is subject to personal jurisdiction under C.P.L.R. §§ 302(a)(2) and 302(a)(3), which confer jurisdiction when a defendant (i) committed a tort causing injury in New York and (ii) the claim arises out of that tortious activity.

Kodak fails to make a prime facie showing that personal jurisdiction exists under any provision of New York's "long-arm" statute.  Kodak's Complaint does not allege a claim sounding in tort, and therefore sections 302(a)(2) and 302(a)(3) do not apply.  Furthermore, Kyocera transacts business primarily in Japan, and Kodak has failed to allege or make any showing that Kyocera transacts business in New York in connection with the Agreement and/or that the Agreement involves the provision of goods or services in New York.  Finally, the

exercise of jurisdiction over this case would violate due process.  Accordingly, Kyocera respectfully requests that this Court dismiss Kodak's Complaint for lack of personal jurisdiction.

## II.     FACTUAL BACKGROUND

This dispute concerns the interpretation of a patent license agreement for digital camera technology that was negotiated by Kodak's licensing agent in Japan.  The Agreement grants Kyocera a license to make and sell products covered by Kodak's digital imaging patents. Pursuant to the royalty provisions of the Agreement, Kyocera has been paying, and continues to pay, royalties to Kodak from Japan for use of Kodak's digital camera technology.

### A.     Kyocera Corporation

Kyocera is a Japanese corporation with its headquarters in Kyoto, Japan.  (Declaration of Eric Klein in Support of Kyocera's Motion to Dismiss, dated September 7, 2010 (the "Klein Decl.") ¶ 4.)  Kyocera is not incorporated in New York and does not do business in New York. [1] (*Id.*)

### B.     Negotiation of the Kodak-Kyocera Patent License Agreement

On November 10, 1999, Kodak's Florida-based licensing agent, Andre-Troner Limited Company ("ATLC"), sent a letter to Kyocera's offices in Japan offering a worldwide license to Kodak's digital imaging patent portfolio.  (Declaration of Naohiro Era in Support of Kyocera's Motion to Dismiss ("Era Decl.") ¶ 12.)  Kyocera and ATLC negotiated the license over the course of six face to face meetings in 2001 and 2002 at Kyocera's Tokyo Yoga office in Japan.

---

[1] Kodak's Complaint does not allege general jurisdiction pursuant to C.P.L.R. § 301. Kyocera does not engage in continuous and systematic contacts that would subject it to general jurisdiction of New York courts.  Kyocera is not incorporated in New York nor authorized to do business in New York.  Moreover, it does not sell or offer to sell products in New York, does not own or lease real property in New York, and its has no employees, offices, facilities, bank accounts, telephone numbers or mailing addresses in New York.  (Klein Decl. ¶¶ 5-12.)

(*Id.* ¶¶ 4-8.)  Kyocera also corresponded with ATLC in Florida through telephone, postal, and electronic communications.  (*Id.*)  The negotiations occurred entirely between ATLC and Kyocera; there were no direct communications or meetings between Kyocera and Kodak during the negotiation process.  (*Id.*)  On August 21, 2002, the General Manager of Kyocera's Optical Equipment Group signed the Agreement in Japan on behalf of Kyocera.  (*Id.* ¶ 8.)

During the contract negotiations, it became apparent that the Agreement's treatment of "digital camera modules" required more specificity because in some situations it would be difficult to determine the "sales price" for calculating royalties for digital camera modules.  (*Id.* ¶ 9.)  Therefore, Kyocera and ATLC agreed on a definition of "sales price" and memorialized it in a side letter to the Agreement.  (*Id.*)  The definition set forth in the side letter has application to the issues raised in Kodak's Complaint.  Similar to the Agreement, the side letter was signed by Kyocera in Japan on August 21, 2002, the same day Kyocera executed the Agreement.  (*Id.*)  The terms of the side letter were negotiated entirely in Japan between ATLC and Kyocera, without the direct participation of any Kodak employees.  (*Id.* ¶¶ 10-11.)

The Agreement, which is based on a Kodak standard form agreement, grants Kyocera a worldwide right to use Kodak's digital imaging patent portfolio.  (*Id.* ¶¶ 7, 12.)  The Agreement also grants Kyocera's subsidiaries and OEM vendors a license to the Kodak patent portfolio on the same terms as Kyocera.  (*Id.* ¶ 12.)  Although the parties negotiated changes to Kodak's standard form agreement, many of the terms were left as they appeared in Kodak's original standard form agreement.  (*Id.* ¶ 7.)  The terms which the parties did not negotiate include a New York choice of law clause and the requirement that payments and royalty reports be sent to Kodak in New York.  (*Id.*)  Importantly, the Agreement does not contain a forum selection clause.

### C.      Royalties Paid Under the Agreement

Kyocera sells licensed products in Japan.  (*Id.* ¶ 15.)  Kyocera does not sell licensed products in New York or the United States.  (*Id.*)  Over the course of the Agreement, some Kyocera subsidiaries have sold licensed products in the United States.  (*Id.* ¶ 16.)  In addition to paying royalties for its own use of the Kodak digital imaging patent portfolio, Kyocera collects royalties from subsidiaries paid to its Tokyo bank account.  (*Id.* ¶¶ 12, 16.)  Four times a year, Kyocera sends consolidated royalty payments to Kodak along with a statement summarizing the royalties paid.  (*Id.* ¶ 16.)

### D.      The Kodak-Kyocera Dispute

In 2005, a dispute arose between Kodak and Kyocera regarding the terms of the Agreement and how they apply to the calculation of royalties for sales of wireless phones with a camera function.  (*Id.* ¶ 17.)  Since 2005, Kodak and Kyocera have met several times to discuss their differences.  (*Id.* ¶ 18.)  From 2005 to 2008, Kodak and Kyocera met eight times in Japan, twice in California, and once in New York.  (*Id.* ¶ 19-21.)  From 2005 to present, Kyocera has continued to pay royalties required by the Agreement while engaging in ongoing negotiations with Kodak to resolve the dispute.  (*Id.* ¶ 22.)

### III.      STANDARD OF REVIEW FOR PERSONAL JURISDICTION

In order to survive a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), Kodak must make a prima facie showing that jurisdiction exists.  *Cutco Indus., Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir. 1986).  "Although . . . the plaintiff has the ultimate burden of establishing jurisdiction over defendant by a preponderance of the evidence, until an evidentiary hearing is held, it need make only a prima facie showing by its pleadings and affidavits that jurisdiction exists."  *Id.* at 365.  However, "the court is not obligated to draw

'argumentative inferences' in the plaintiff's favor." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).

A federal court in a diversity action must first look to New York's jurisdictional statute and determine whether sufficient facts are alleged to justify jurisdiction under that statute. *Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir. 1990). In this case, Kodak's sole basis for alleging that this Court has personal jurisdiction over Kyocera are the provisions of New York's long-arm statute, C.P.L.R. §§ 302(a)(1)-(3). As shown below, Kodak's allegations fail to demonstrate a basis for personal jurisdiction under any of those provisions. Even if the Court were to find a statutory basis for jurisdiction, it must examine whether Kodak can show sufficient "minimum contacts" to comport with the due process clause of the United States Constitution. *Savin*, 898 F.2d at 306-07. There must be sufficient contacts tending to show that Kyocera "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1984). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated contacts." *Id.* at 475.

## IV.    LEGAL ARGUMENT

Kodak asserts that jurisdiction is proper under New York's "long-arm" statute, C.P.L.R. §§ 302(a) (1)-(3). Section 302(a)(1) authorizes jurisdiction over a defendant who "transacts any business within the state or contracts anywhere to supply goods or services in the state" and the claim arises out of that business activity. Sections 302(a)(2) and 302(a)(3) authorize jurisdiction over injuries resulting from "tortious act[s] within the state" and "tortious act[s] without the state caus[ing] injury [] within the state" and the claim arises out of that tortious activity. The full extent of Kodak's jurisdictional argument is based on the following facts: (1) Kyocera entered into the Agreement, which is governed by New York law; (2) Kyocera contracted to supply

royalty payments to Kodak in New York; (3) Kyocera contracted to provide royalty reports to

Kodak in New York.[2]  (Complaint, Doc. No. 3, ¶ 14.)  Notably, Kodak does not allege that the

Agreement contains a New York forum selection clause, that Kyocera solicited the license from

Kodak in New York, that the Agreement was negotiated in New York, or that Kyocera sold

relevant products in New York.[3]

       **A.     There Is No Jurisdiction Under C.P.L.R. § 302(a)(1) Because Kyocera Did Not "Transact Business" or "Contract to Supply Goods or Services" in New York.**

Section 302(a)(1), the New York "long-arm" statute provision that pertains to contract

claims, is the only section relevant to the jurisdictional inquiry.  Section 302(a)(1) confers

jurisdiction over foreign defendants who "transact[] any business within the state or contract[]

anywhere to supply goods or services in the state" if the claims "aris[e] from that business

transaction or transactions."  *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 249 (2d Cir. 2007).

       **1.     A Patent License Agreement Is Not A Contract To Supply Goods or Services In New York.**

There is no basis for jurisdiction over Kyocera under section 302(a)(1)'s provision for

defendants who contract to supply goods or services in New York.  Kyocera has not contracted

to supply goods or services in New York because the Agreement does not involve goods or

services at all.  The Agreement, like most patent license agreements, grants the right to

---

[2] Kodak also alleges as a basis for jurisdiction that Kyocera breached the Agreement in New York by failing to pay royalties and provide accurate royalty reports.  These are not independent factual allegations—they are unproven legal conclusions that should be disregarded in the jurisdictional analysis.

[3] Although Kyocera never sent representatives to New York to negotiate the Agreement, the parties met eleven times to attempt to resolve the current dispute, and one such meeting occurred in New York.  (Era Decl. ¶¶ 16-18.)  That meeting is "jurisdictionally irrelevant inasmuch as attempts to renegotiate an existing contract do not constitute a CPLR 302 'transaction of business.'"  *Cutco Indus.*, 806 F.2d at 368.

manufacture or sell licensed products, but it does not address the sales of goods or services in

New York.  Indeed, while Kyocera sells licensed products in Japan pursuant to the Agreement,

Kyocera does not sell or supply licensed products in New York.  The rights and obligations

under the Agreement simply do not equate with the sale of goods or services in New York within

the meaning of section 302(a)(1).  *Worldwide Futgol Assoc., Inc. v. Event Entm't, Inc*., 983 F.

Supp. 173, 181 (E.D.N.Y. 1997) (broadcast license agreement was not a contract to provide

goods or services in New York because it "did not require [the defendant] to distribute the

broadcasts at all").  "Where the only allegation linking [a defendant] to New York is a vague

statement that [defendant] licenses rights throughout the world, including New York, it cannot

provide the basis for jurisdiction under section 302(a)(1)."  *Pieczenik v. Cambridge Antibody

Tech. Group*, No. 03 Civ. 6336 (SAS), 2004 U.S. Dist. LEXIS 4127, at *24 (S.D.N.Y. Mar. 16,

2004).

With respect to a license to intellectual property, section 302(a)(1) may only be satisfied

by jurisdictional acts when "the licensee . . . uses the licensed material in commerce in New

York pursuant to the license agreement."  *See Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d

549, 566 (S.D.N.Y. 2000).  Kyocera itself does not sell or use licensed products in New York

commerce pursuant to the Agreement.

### 2.      Kyocera Did Not Transact Business in New York Related to the Agreement.

Kodak cannot establish jurisdiction over Kyocera on the ground that Kyocera "transacts

business" in New York under C.P.L.R. § 302(a)(1).  "New York courts define [the] 'transacting

business' [prong] as purposeful activity – 'some act by which the defendant purposefully avails

itself of the privilege of conducting activities within the forum State, thus invoking the benefits

and protections of its laws.'"  *Best Van Lines*, 490 F.3d at 246 (*quoting McKee Elec. Co. v.

7

*Rauland-Borg Corp.*, 20 N.Y.2d 377, 382, 283 N.Y.S.2d 34, 37-38 (1967)).  Moreover, Kodak

must show that its claims "'arise[] from' that business transaction." *Id.* at 249.  In other words,

there must be "some articulable nexus between the business transacted and the cause of action

sued upon" or "a substantial relationship between the transaction and the claim asserted." *Id.*

        In addition to a nexus requirement between jurisdictional acts and the plaintiff's claims,

the jurisdictional inquiry requires a review of "[t]he nature and quality of the New York contacts

. . . to determine their significance." *Metro. Antiques & Gems v. Beaumont,* No. 02 Civ. 3937

(DLC), 2002 U.S. Dist. LEXIS 24679, at *8 (S.D.N.Y. Dec. 27, 2002) (*citing George Reiner &*

*Co. v. Schwartz*, 41 N.Y.2d 648 (1977)).  The court may consider all relevant contacts, but "the

ultimate determination is based on the totality of the circumstances." *Agency Rent A Car Sys. v.*

*Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996).  In order to exercise personal

jurisdiction over a non-domiciliary under section 302(a)(1), a court must examine whether the

defendant engaged in "purposeful activities" in New York related to the subject of the litigation.

*See Cooperstein v. Pan-Oceanic Marine, Inc*., 124 A.D.2d 632, 632, 507 N.Y.S.2d 893, 893 (2d

Dep't 1986).  Kodak's jurisdictional averments do not constitute "purposeful activities" by

Kyocera in New York.

                    **a.      All Business Related to the Agreement Was Transacted
                             in Japan.**

        Here, the totality of the circumstances shows that Kyocera has not transacted business in

New York as contemplated by C.P.L.R. § 302(a)(1).  The Agreement grants Kyocera a

worldwide license to Kodak's patented digital camera technology that has little to do with New

York.  Kyocera sells licensed products in Japan, but has never sold any licensed products in New

York. [4]   (Era Decl. ¶ 15.)  In fact, Kyocera itself does not sell any products in New York at all.

(Klein Decl. ¶ 10.)  "The nature and quality" of the contacts that Kodak has alleged is minimal

because the rights conferred by the Agreement bear no connection to New York.

The only party in this case with ties to New York is Kodak, a New York company that

sent its licensing agent to Japan to negotiate the Agreement.  The fact that a New York plaintiff

initiates a relationship with a foreign defendant is often seen as an indication that the defendant

did not engage in "purposeful" conduct sufficient to confer personal jurisdiction.  *See, e.g.,*

*Arista Techs.*, *Inc. v. Arthur D. Little Enters., Inc*., 125 F. Supp. 2d 641, 652 (E.D.N.Y. 2000)

(noting that the out of state defendants were contacted by the New York plaintiffs as one reason

to deny jurisdiction); *Prof. Pers. Mgmt. Corp. v. Southwest Med. Assocs.*, 216 A.D.2d 958, 959,

628 N.Y.S.2d 919, 920 (4th Dep't 1995) (finding no personal jurisdiction where the plaintiff

initially contacted defendant by telephone, the parties negotiated an agreement by telephone and

a written contract was sent by plaintiff from New York to Nevada).

In most cases where there is jurisdiction over a foreign defendant under section 302(a)(1),

the foreign defendant purposefully directed communications into New York at some point during

negotiation of the contract.  *See, e.g., id.*; *M. Katz & Son Billiard Prods., Inc. v. G. Correale &*

*Sons, Inc.*, 26 A.D.2d 52, 53, 270 N.Y.S.2d 672, 673 (1st Dep't 1966) (telephone contacts with

New York); *Worldwide Futgol Assoc.*, 983 F. Supp. at 176 (telephone and fax contact).  In

contrast, Kyocera negotiated the Agreement without communicating directly with Kodak in New

---

[4] Some Kyocera subsidiaries sell licensed products in the United States.  Kodak does not make jurisdictional allegations based on those subsidiaries' activities, nor could it, since the subsidiaries are separate companies with separate boards of directors and separate management (Klein Decl. ¶ 3.)  The contacts of Kyocera's subsidiaries cannot be imputed to Kyocera under New York law.  *See Delagi v. Volkswagenwerk AG of Wolfsburg*, 328 N.Y.S.2d 653, 29 N.Y.2d 426, 432 (1972).

York.  The Agreement was negotiated exclusively in Japan by ATLC, a Florida company, and all telephonic and electronic communications took place between Kyocera in Japan and ATLC in Florida.  (Era Decl. ¶ 6.)  Kodak cannot allege that Kyocera made direct and purposeful contacts with New York during the negotiations, and therefore, there is no basis for jurisdiction over Kyocera on that ground.

### b.   Kodak's Reliance on Certain Provisions of the Agreement is Misplaced Under a Totality of the Circumstances Analysis.

Kodak's personal jurisdiction averments rely primarily on the Agreement's choice of law clause and the requirement that royalty payments and statements are sent to Kodak in New York. The parties' negotiation of the Agreement and subsequent conduct under the Agreement, which are centered in Japan, however, outweigh any jurisdictional importance of the choice of law clause and the fact that payments and royalty statements are sent to New York.

### (i)   The Choice of Law Clause Has Minimal Jurisdictional Relevance.

First, Kodak alleges that jurisdiction is proper because the Agreement contains a choice of law clause.  (Complaint ¶ 14.)   "The law is well settled, however, that a choice of law provision in a contract does not constitute a voluntary submission to personal jurisdiction in New York." *McShan v. Omega Louis Brandt et Frere, S.A.*, 536 F.2d 516, 518 (2d Cir. 1976) (choice of law clause in patent license agreement does not create jurisdiction) (citing *Galgay v. Bulletin Co.,* 504 F.2d 1062*,* 1066 (2d Cir. 1974) and *Agrashell, Inc. v. Bernard Sirotta Co.*, 344 F.2d 583, 588 (2d Cir. 1965)); *First Nat'l Bank & Trust Co. v. Wilson*, 171 A.D.2d 616, 567 N.Y.S.2d 468, 469 (1st Dep't 1991); *Burndy Corp. v. Huskie Tools, Inc.,* No. 91 Civ. 6071 (JSM), 1992 U.S. Dist. LEXIS 3673, at *2 (S.D.N.Y Mar. 24, 1992).  The choice of law clause contained in the Agreement was part of the standard Kodak form license agreement.  The parties did not

discuss or negotiate this specific term and it does not establish any obligations for Kyocera in

New York or indicate Kyocera voluntarily submitted to personal jurisdiction in New York. This

term merely establishes that:

> New York substantive law shall govern with respect to the formation, interpretation,
> and enforcement of the contract, wherever those questions may be litigated . . . No
> consent can be found in that provision that the [defendant] will accede to jurisdiction
> over him by the New York courts no matter where he may be served.

*Waldorf Assocs., Inc. v. Neville*, 141 Misc. 2d 150, 152, 533 N.Y.S.2d 182, 184 (Sup. Ct. N.Y.

County 1988).

### (ii)     Royalty Payments and Statements Have Minimal Jurisdictional Relevance.

Kodak also relies on a provision in the Agreement that requires Kyocera to send

payments and royalty statements to Kodak in New York. (Complaint ¶ 14.) But this

requirement is of minimal significance because it is nothing more than "an unbargained-for

convenience for the benefit of the plaintiff." *Savin*, 898 F.2d at 307 (finding that New York

payments do not create jurisdiction). The provisions requiring Kyocera to send payments and

royalty statements to New York were included for Kodak's convenience.

Moreover, "[l]etters and monthly statements … do not meet § 302(a)(1)'s requirement

that the non-domiciliary transact business in New York." *Weiss v. Brant,* No. CV-93-0750,

1995 U.S. Dist. LEXIS 22233, at *7 (E.D.N.Y. May 31, 1995); *see also Jolivet v. Crocker*, 859

F. Supp. 62, 64 (E.D.N.Y. 1994) (collecting cases). "[C]ommunications into New York will

only be sufficient to establish personal jurisdiction if they were related to some transaction that

had its center of gravity inside New York." *DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F.

Supp. 2d 405, 420 (S.D.N.Y. 2010). The center of gravity of the Agreement at issue here is

Japan—the Agreement was negotiated and executed in Japan (Era Decl. ¶¶ 4-8), Kyocera sells

the licensed products in Japan (*id*. ¶ 15), and Kyocera collects royalties from subsidiaries and

prepares the consolidated royalty statement in Japan (*id*. ¶¶ 12-13).  The fact that statements are sent to New York simply because Kodak is located there is insufficient to establish purposeful activity by Kyocera in New York.

Similarly, "the mere designation of New York as the site for payment . . . is insufficient to confer jurisdiction over a nonresident defendant."  *Plaza Realty Investors v. Bailey*, 484 F. Supp. 335, 346 (S.D.N.Y 1979).  Contract provisions requiring that payments be sent to the plaintiff's home state are typically insufficient to find that a defendant has transacted business in New York.  *See, e.g.*, *id*; *Wirth v. Prenyl*, 29 A.D.2d 373, 375, 288 N.Y.S.2d 377, 379 (1st Dep't 1968) (New York payments do not create jurisdiction over a foreign construction contract); *Hubbard, Westervelt & Mottelay, Inc. v. Harsh Bldg. Co*., 28 A.D.2d 295, 297, 284 N.Y.S.2d 879, 881-82 (1st Dep't 1967) (New York payments did not create jurisdiction over an Arizona development loan); *Concrete Pipe & Prods. Corp. v. Modern Bldg. Materials*, 213 A.D.2d 1023, 1024, 624 N.Y.S.2d 496, 496 (4th Dep't 1995) (no jurisdiction over defendant who rented equipment from a New York plaintiff, "agreed to make monthly payments to plaintiff in New York and to ship the equipment back to plaintiff in New York at defendant's expense at the end of the lease term").

In addition, the royalty payments sent to Kodak in New York have minimal significance because the payments do not relate to a contract for goods or services.  The fact that "payment … [is] to be performed in New York [is] insufficient to sustain jurisdiction."  *Ferrante Equip. Co. v. Lasker-Goldman Corp.*, 26 N.Y.2d 280, 285, 309 N.Y.S.2d 913, 917 (1970) (internal quotation marks omitted).  For example, in *Benjamin Sheridan Corp. v. Benjamin Air Rifle Co*., the court found New York payments on a promissory note did not create jurisdiction because "a primary obligor's agreement to designate New York as a place of payment of its debt does not transform

the debt into a contract to perform services in New York for jurisdictional purposes." 827 F.

Supp. 171, 177 (W.D.N.Y. 1993) (*quoting A.I. Trade Finance*, 989 F.2d 76, 81 (2d Cir. 1993)).

Therefore, the fact that royalty payments and statements are to sent to Kodak by Kyocera is

insufficient to establish personal jurisdiction in this case.

### B.   Sections 302(a)(2) and 302(a)(3) Do Not Apply Because Kodak Does Not Allege Tort Claims Against Kyocera.

Kodak's averment that C.P.L.R §§ 302(a)(2) and 302(a)(3) confer jurisdiction in New

York is without merit.  Kodak alleges breach of contract and declaratory judgment claims that do

not sound in tort.  (Complaint ¶¶ 33-36.)  Therefore, the tort provisions of the New York "long-

arm" statute do not apply.[5]

Moreover, even if Kodak's contract claims could be construed as tort claims, there is no

basis for jurisdiction under §§ 302(a)(2) or 302(a)(3).  Sections 302(a)(2) and 302(a)(3) only

apply to injuries that occur in New York and here there is no New York injury.  *See Whitaker v.*

*Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001).  "The situs of the injury is the location

of the original event which caused the injury, not the location where the resultant damages are

felt by the plaintiff."  *Id.* (citations omitted).  "The occurrence of financial consequences in New

York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for

jurisdiction under section 302(a)(3) where, as here, the underlying events took place outside New

York." *Id.* (citations omitted). Simply put, "[a]n injury [] does not occur within the state simply

because the plaintiff is a resident."  *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990); *see*

*also Fantis Foods, Inc. v. Standard Importing Co.,* 49 N.Y.2d 317, 326, 425 N.Y.S.2d 783, 787

---

[5] Sections 302(a)(2) and 302(a)(3) grant jurisdiction over a defendant who "(2) commits a tortious act within the state, except as to a cause of  action for defamation of character arising from the act; or (3) commits a tortious act without the state causing injury to person or property within the state."

(1980).  Here the Plaintiff may be a resident of New York but all relevant events giving rise to

Kodak's alleged injury—i.e., Kyocera's performance under the Agreement—occurred in Japan.

### C.      Kodak's Allegations Do Not Comport With Due Process.

Because Kodak's allegations fail to satisfy the New York "long-arm" statute, it is

unnecessary to determine whether the exercise of personal jurisdiction would comport with due

process.  *See Swindell v. Florida E. Coast Ry.*, 42 F. Supp. 2d 320, 326 (S.D.N.Y. 1999); *accord*

*Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 764 n.6 (2d Cir. 1983).  Even if such a

constitutional analysis were required, it would yield the same result—exercise of personal

jurisdiction over Kyocera would be improper.

To justify the exercise of personal jurisdiction, there must be a showing that the

defendant purposefully availed itself of the protections afforded by New York law, and could

reasonably anticipate being haled into court in New York.  *Burger King v. Rudzewicz*, 471 U.S.

462, 475 (1985).  As demonstrated above, Kyocera lacks the requisite jurisdictional contacts

because it has very little contact with New York.  Kyocera is not incorporated in New York, nor

licensed, registered, or authorized to do business in New York.  Kyocera does not have offices,

employees, bank accounts, telephone numbers, or mailing addresses in New York, nor does it

have any interest in real property in New York.  (Klein Decl. ¶¶ 5-9.)  Similarly, Kyocera does

not sell or offer to sell products in New York.  (*Id.* ¶¶ 10-11.)  The sparse contacts between

Kyocera and New York preclude the exercise of jurisdiction under a due process analysis.  The

mere fact that Kyocera executed a license agreement with a New York company is not evidence

that it purposefully availed itself of the laws of New York.

Moreover, the "unique burdens placed upon one who must defend oneself in a foreign

legal system should have significant weight in assessing the reasonableness of stretching the long

arm of personal jurisdiction over national borders."  *Asahi Metal Indus. Co. v. Superior Ct. of*

*Cal.*, 480 U.S. 102, 114 (1987).  Here, the assertion of jurisdiction over Kyocera would be particularly unreasonable, given that it is a Japanese company that does not sell products licensed under the Agreement in the United States.  (Klein Decl. ¶¶ 4; Era Decl. ¶ 15.)  Kodak's Complaint should be dismissed for lack of personal jurisdiction, and Kodak should be required to pursue its claims against Kyocera in Japan.  Fairness to Kyocera compels dismissal in this case.

## V.    CONCLUSION

Kodak's assertion of jurisdiction under section 302(a)(1) fails because the totality of the circumstances makes it clear that "the center of gravity" of the Agreement is Japan.  *See DirecTV Latin Am.*, 691 F. Supp. 2d at 420.   Kodak's assertion of jurisdiction under sections 302(a)(2) and 302(a)(3) also fails because Kodak's claims do not sound in tort.  Kodak does not meet its burden of demonstrating jurisdictionally meaningful contacts to satisfy the New York "long-arm" statute or due process considerations.  For all the foregoing reasons, Kodak's Complaint should be dismissed for lack of personal jurisdiction.


Dated: New York, New York
              September 8, 2010

MORRISON & FOERSTER LLP


By:  _____/s/ Charles L. Kerr_____
        Charles L. Kerr
        Morrison & Foerster LLP
        1290 Avenue of the Americas
        New York, New York 10104
        (212) 468-8000
        CKerr@mofo.com

Of Counsel:

      David C. Doyle
      William V. O'Connor
      Morrison & Foerster LLP
      12531 High Bluff Drive, Suite 100
      San Diego, California 92130
      (858) 720-5100

Attorneys for Defendant
KYOCERA CORPORATION

15

16

## CERTIFICATE OF SERVICE

I, Charles L. Kerr, hereby certify that on September 8, 2010, I caused to be electronically filed a true and correct copy of the attached:

**MEMORANDUM OF LAW IN SUPPORT KYOCERA CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION,**

**NOTICE OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION,**

**DECLARATION OF ERIC KLEN IN SUPPORT OF KYOCERA CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION,** and

**DECLARATION OF NAOHIRO ERA IN SUPPORT OF KYOCERA CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION,**

 with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record for Plaintiff:

> Paul J. Yesawich, III
> pyesawich@harrisbeach.com
> Laura W. Smalley
> LSmalley@harrisbeach.com
> Neal L. Slifkin
> nslifkin@harrisbeach.com
> Harris Beach LLP
>
> Michael J. Summersgill
> michael.summersgill@wilmerhale.com
> WilmerHale
> *Attorneys for Plaintiff, Eastman Kodak Company*

Dated: New York, New York
       September 8, 2010

                           MORRISON & FOERSTER LLP

                           By:       /s/ Charles L. Kerr
                                       Charles L. Kerr
                                       Morrison & Foerster LLP
                                       1290 Avenue of the Americas
                                       New York, New York 10104
                                       (212) 468-8000
                                       CKerr@mofo.com

Of Counsel:

                           Attorneys for Defendant
       David C. Doyle                      KYOCERA CORPORATION
         (pro hac app'l  pending)
       William V. O'Connor
         (pro hac app'l  pending)
       Morrison & Foerster LLP
       12531 High Bluff Drive, Suite 100
       San Diego, California 92130
       (858) 720-5100