UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EASTMAN KODAK COMPANY,

                                   Plaintiff,

                                 10-CV-6334-CJS

                   -vs-

                              DECISION AND ORDER

KYOCERA CORPORATION,

                                 Defendant.
_____

INTRODUCTION

This is an action for breach of contract, involving a patent licensing agreement between the parties. Defendant filed a motion to dismiss for lack of personal jurisdiction (Docket No. [#21]), which has been briefed, and oral argument is scheduled to be heard on June 2, 2011. More recently, Defendant filed a motion to stay discovery pending the outcome of the motion to dismiss [#27], pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP"). In considering the motion for a stay, the Court was required to examine the merits of the motion to dismiss.[1] Having done so, the Court determines, pursuant to Local Rule 7(c), that oral argument on the motion to dismiss is not necessary, and that the Court can immediately resolve the motion to dismiss, which will obviate the need to rule on Defendant's motion for a stay. For the reasons that follow, the motion to dismiss is denied, and the motion for a stay is denied as moot.

BACKGROUND

The following facts are taken from the Complaint and documents submitted in

---

[1] *See, Integrated Systems and Power, Inc. v. Honeywell Intern., Inc.*, No. 09 CV 5874(RPP), 2009 WL 2777076 at *1 (S.D.N.Y. Sep. 1, 2009) ("In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion.") (citations and internal quotation marks omitted).

connection with the pending motion to dismiss, viewed in the light most-favorable to Plaintiff. *See, Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F.Supp.2d 458, 463 (S.D.N.Y. 2008) ("A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) is inherently a matter requiring the resolution of factual issues outside of the pleadings and all pertinent documentation submitted by the parties may be considered in deciding the motion. . . . [F]acts are drawn from the complaint, declarations, and exhibits submitted by both parties, and are construed in the light most favorable to plaintiff.") (citations and internal quotation marks omitted).

Plaintiff is a New Jersey Corporation with a principal place of business in Rochester, New York. Defendant is a Japanese corporation with its principal place of business in Japan. On August 21, 2002, Plaintiff and Defendant entered into a licensing agreement ("the agreement"), granting Defendant the right to make products utilizing Plaintiff's patented digital camera technology, in exchange for royalty payments. The agreement acknowledges that Plaintiff's principal place of business is in New York. Agreement, p. 1. The agreement requires Defendant to send quarterly royalty statements to Plaintiff in New York, and Defendant has done so for years. *Id*. at 13, 16. The agreement also requires Defendant to make royalty payments to Plaintiff in New York, and Defendant has done so for years. *Id*. at 14. The agreement provides that it is governed by New York Law. *Id*. at 19. The agreement further provides that Defendant is subject to monitoring and periodic auditing by Plaintiff, with such monitoring and auditing to be performed in New York. Pagano Aff. ¶ ¶ 3, 9. During the course of the agreement, Defendant has sent numerous pieces of correspondence to Plaintiff in New York. *Id*. at ¶ 12. Representatives of Defendant met with representatives of Plaintiff in New York concerning the agreement on at least one occasion. *Id*. at ¶ 14. Defendant's products are sold in retail stores in New York by companies related to Defendant. West Aff.

¶ ¶ 3-6. Moreover, the instant action is based on Defendant's alleged breach of the agreement. Based on these facts, Plaintiff maintains that Defendant is subject to personal jurisdiction in New York pursuant to CPLR § 302(a)(1).

Defendant disagrees, since the agreement was negotiated in Japan, and since most of the meetings between the two companies occurred in Japan. Defendant admits, though, that at least one meeting concerning the agreement was held in New York. Defendant denies that it sells its products in New York, but admits that its subsidiaries sell licensed products in New York. Defendant further indicates that the agreement does not contain a forum-selection clause. Defendant maintains that on these facts, it is not subject to personal jurisdiction under CPLR § 302(a)(1). In that regard, Defendant states that it does not supply goods or services in New York, and did not "transact business" in New York relating to the agreement. Defendant further argues that it did not "purposefully direct communications" to New York during negotiation of the agreement. Defendant also downplays the importance of the New York choice-of-law provision, since it was not specifically negotiated, but was instead "part of the standard Kodak form license agreement." Def. Memo of Law at 10. Similarly, Defendant argues that the requirement that it send payments to Plaintiff in New York was merely "an unbargained-for convenience for the benefit of the Plaintiff." *Id*. at 11. For all of these reasons, Defendant argues that CPLR § 302(a)(1) does not apply. Additionally, Defendant maintains that the exercise of personal jurisdiction would not comport with Due Process, since it did not purposefully avail itself of the protections of New York.[2]

---

[2] Defendant repeatedly indicates that Japan is the "center of gravity" of the agreement. *See, e.g.*, Def. Memo of Law at 15. The "center of gravity" terminology is more appropriately associated with a choice-of-law analysis than an analysis of personal jurisdiction. *See, e.g., Shaffer v. Heitner*, 433 U.S. 186, 215, 97 S.Ct. 2569, 2585 (1977) ("(The State) does not acquire jurisdiction by being the 'center of gravity' of the controversy, or the most convenient location for litigation. The issue is personal jurisdiction, not choice of law.") (citation and internal quotation marks omitted).

DISCUSSION

In order to defeat a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) where, as here, the Court is relying solely upon pleadings and affidavits, a plaintiff need only make a *prima facie* showing of facts which establish the Court's jurisdiction over the defendant. *Cutco Indus., Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir. 1986); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) ("Prior to discovery, a plaintiff may defeat a [Rule 12(b)(2)] motion to dismiss based on legally sufficient allegations of jurisdiction.")(citations omitted), *cert. denied*, 519 U.S. 1007 (1996). All pleadings and affidavits must be viewed in the light most favorable to the plaintiff, and all doubts resolved in plaintiff's favor. *Cutco Industries, Inc.,* 806 F.2d at 365.

Deciding whether the Court may exercise personal jurisdiction over a non-domiciliary involves a two-part analysis. *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F.Supp.2d at 465. First, the Court must look to the forum state's general jurisdictional or long-arm jurisdictional statute to determine whether *in personam* jurisdiction exists over the nonresident defendant. *See, Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir.1990) (*citing Arrowsmith v. United Press Int'l*, 320 F.2d 219, 222-25 (2d Cir.1963) (en banc)). In this case, the parties agree that the relevant statute is New York's long-arm statute, Civil Practice Law and Rules ("CPLR") § 302(a)(1).

Second, if the relevant statute allows the court to exercise jurisdiction, the court must then determine "whether the exercise of jurisdiction comports with due process." *Id*. (citation omitted). In that regard,

> [t]he due process test for personal jurisdiction has two related components: the "minimum contacts" inquiry and the "reasonableness" inquiry. The court must first determine whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction. For purposes of this

4

initial inquiry, a distinction is made between "specific" jurisdiction and "general" jurisdiction. Specific jurisdiction exists when "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum"; a court's general jurisdiction, on the other hand, is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts. Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's "continuous and systematic general business contacts."

The second stage of the due process inquiry asks whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice"--that is, whether it is reasonable under the circumstances of the particular case. The Supreme Court has held that the court must evaluate the following factors as part of this "reasonableness" analysis: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. While the exercise of jurisdiction is favored where the plaintiff has made a threshold showing of minimum contacts at the first stage of the inquiry, it may be defeated where the defendant presents a compelling case that the presence of some other considerations would render jurisdiction unreasonable.

*Metro. Life Ins. Co.v. Robertson-Ceco Corp*., 84 F.3d at 567-68. As the foregoing language indicates, if the plaintiff carries its burden of establishing minimum contacts, the burden shifts to the defendant to make a "compelling showing" that exercising personal jurisdiction would be unreasonable. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129 (2d Cir. 2002) ("Where a plaintiff makes the threshold showing of the minimum contacts required for the first test, a defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.") (citation and internal quotation marks omitted). In that regard, it is an "'exceptional situation' where exercise of jurisdiction is unreasonable even though minimum contacts are present." *Id*. at 130 (citation omitted).

5

As mentioned earlier, the New York jurisdictional statute upon which Plaintiff relies is CPLR § 302(a)(1), which provides, in pertinent part, that "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state[.]" CPLR § 302 (McKinney's 2011). The test for determining whether or not the "transacts business" prong of CPLR § 302(a)(1) is satisfied has been set forth by the Second Circuit Court of Appeals as follows:

> The long-arm statute gives New York personal jurisdiction over a nondomiciliary if two conditions are met: first, the nondomiciliary must 'transact business' within the state; second, the claim against the nondomiciliary must arise out of that business activity. A nondomiciliary 'transacts business' under CPLR 302(a)(1) when he 'purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its law. No single event or contact connecting defendant to the forum state need be demonstrated; rather, the totality of all defendant's contacts with the forum state must indicate that the exercise of jurisdiction would be proper.

*Cutco Indus., Inc.*, 806 F.2d at 365 (citations omitted). Moreover, "a defendant need not be physically present in New York to transact business there within the meaning of the first clause of section 302(a)(1), as long as he engages in purposeful activities or volitional acts through which he avails himself of the privilege of conducting activities within the State, thus invoking the benefits and protections of its laws." *Chloe v. Queen Bee of Beverly Hills, LLC* 616 F.3d 158, 169 (2d Cir. 2010) (citations and internal quotation marks omitted). The Second Circuit has further held that,

> [s]everal factors should be considered in determining whether an out-of-state defendant transacts business in New York, including:
>
> > (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York and whether, after

>executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract; and (iv) whether the contract requires franchisees to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.
>
>*Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir.1996) (internal citations omitted). Although all factors are relevant, no one factor is dispositive and other factors may be considered. *See id.* "[T]he ultimate determination is based on the totality of the circumstances." *Id.*

*Sunward Elec., Inc. v. McDonald*, 362 F.3d 17, 22 -23 (2d Cir. 2004). As for the requirement, under 302(a)(1), that the claim arise out of the business transacted in New York, the Second Circuit has held that "[a] claim arises out of a defendant's transaction of business in New York when there exists a substantial nexus between the business transacted and the cause of action sued upon." *Agency Rent A Car System, Inc. v. Grand Rent A Car Corp.*, 98 F.3d at 31 (citations omitted).

At the outset, the Court finds, based on the totality of circumstances, that Defendant is subject to personal jurisdiction under CPLR § 302(a)(1). In that regard, Defendant has an ongoing contractual relationship with Plaintiff, a New York company, the agreement has a New York choice-of-law clause, and the agreement requires Defendant to send notices and payments to Plaintiff in New York. Moreover, Defendant has in fact sent such notices and payments to New York for years. Additionally, although the contract was not negotiated in New York, Defendant's representatives met with Plaintiff in New York concerning the agreement on at least one occasion.[3] On these facts, Plaintiff has made a prima facie

---

[3] The Second Circuit has questioned the importance of personal visits to the forum. *See, Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d at 30 ("[W]e question whether, in an age of e-mail and teleconferencing, the absence of actual personal visits to the forum is any longer of critical consequence.") (citation omitted).

showing that Defendant transacted business in New York, and that the claim arises from that business activity. The Court has reviewed the cases cited by Defendant, including *Pieczenik v. Dyax Corp.*, 265 F.3d 1329 (Fed. Cir. 2001), and finds that they are factually inapposite.

Moreover, for the reasons already discussed, the Court finds, for purposes of due process, that Defendant has sufficient minimum contacts with New York. Additionally, the exercise of jurisdiction is reasonable and comports with traditional notions of fair play and substantial justice. In this regard, considering the five factors set forth above, *see, Metro Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d at 567-568, the Court finds that Defendant has not made a compelling showing that exercising personal jurisdiction would be unreasonable. Moreover, considering the five factors, the Court finds, first, that there will indeed be a burden on Defendant, a Japanese corporation, if it is required to litigate in New York. *See, Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano*, 480 U.S. 102, 114, 107 S.Ct. 1026, 1033 (1987) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."). However, "[w]hen minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." *Id.*[4] As for the second and third factors, New York has an interest in adjudicating the case, and Plaintiff obviously has a strong interest in litigating in New York. *See, Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d at 173 ("The second factor favors New York as the forum state

---

[4] *See also, Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d at 129-130 ("Even if forcing the defendant to litigate in a forum relatively distant from its home base were found to be a burden, the argument would provide defendant only weak support, if any, because the conveniences of modern communication and transportation ease what would have been a serious burden only a few decades ago.") (citation and internal quotation marks).

since a state frequently has a manifest interest in providing effective means of redress for its residents[,] [while t]he third factor necessarily favors [Plaintiff] since [its] headquarters are in New York and some of its witnesses are located there."). The fourth factor, which "implicate[s] the ease of access to evidence and the convenience of witnesses," does not strongly favor either party, since "both jurisdictions are marked with the traces of the transaction at issue." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d at 130. As for the fifth and last factor, there is no indication that exercising jurisdiction over Defendant will affect the interests of the New York or Japan "in furthering substantive social policies." Accordingly, exercising personal jurisdiction over Defendant in New York comports with due process.

## CONCLUSION

Defendant's motion to dismiss [#21] for lack of personal jurisdiction is denied. Consequently, Defendant motion to stay discovery [#27] is also denied, as moot.

SO ORDERED.

Dated:   Rochester, New York
             April 13, 2011

ENTER:


/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge